IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIAM DAVID JONES,**

        **Plaintiff,**

    **v.**                                           **Civil Action No. 3:21cv288**

**DEPARTMENT OF DEFENSE**
**DEFENSE LOGISTICS AGENCY**
**DEFENSE SUPPLY CENTER,**
**RICHMOND,**

        **Defendant.**

## <u>MEMORANDUM OPINION</u>

This matter comes before the Court on two motions: (1) *pro se* Plaintiff William David Jones's Motion for Judicial Review Under Federal Rules of Civil Procedure 59 and 60 (the "Motion for Reconsideration" or the "Motion"), filed on September 18, 2023,[1] (ECF No. 53); and (2) Mr. Jones's Motion to Strike Documents Added to the Record Due to a Failure of the Court to Observe FRCP 16 and Rules of Discovery under FRCP 26(F) (the "Motion to Strike"), (ECF No. 64), filed on November 20, 2023. On September 28, 2023, Mr. Jones filed a Supporting Memorandum in support of the Motion for Reconsideration. (ECF No. 58.) On October 25, 2023, Mr. Jones filed a Notice of New Evidence to Support Plaintiff's Request for Reversal of Decision under Federal Rules of Civil Procedure 59 and 60 (the "Notice of New Evidence"). (ECF No. 60.) On November 6, 2023, Defendant Department of Defense Defense

---

[1] Incongruously, Mr. Jones filed a Notice of Appeal that same day. (ECF No. 54.) The United States Court of Appeals for the Fourth Circuit has stated that Mr. Jones's appeal will not be docketed until this decision issues. (ECF Nos. 57, 61, 65–66.)

Logistics Agency Defense Supply Center, Richmond ("DLA") responded to the Motion for

Reconsideration. (ECF No. 62.) On November 20, 2023, Mr. Jones replied. (ECF No. 63.)

In his reply, Mr. Jones included, improperly, a separate Motion to Strike, which has been

separately docketed as ECF No. 64.[2] DLA has not responded to the Motion to Strike, and the

time to do so has expired. *See* Local Civil Rule 7(F)(1). The Court dispenses with oral argument

because the materials before it adequately present the facts and legal contentions, and argument

would not aid the decisional process. Because Mr. Jones fails to meet the requirements of

Federal Rules of Civil Procedure 59(e), 60(b), and 60(d)(3), the Court will deny the Motion for

Reconsideration. (ECF No. 53.) The Court will also deny the Motion to Strike, (ECF No. 64,)

because the Court properly considered exhibits submitted by DLA when dismissing Jones's

claims, (ECF No. 52).[3]

---

[2] Neither DLA's Opposition nor Mr. Jones's Reply, which incorporates his Motion to Strike, were timely. *See* Local Civil Rule 7(F)(1) ("Unless otherwise directed by the Court, the opposing party shall file a response brief and such supporting documents as are appropriate, within fourteen (14) calendar days after service and the moving party may file a reply brief within six (6) calendar days after the service of the opposing party's response brief."). Additionally, Mr. Jones filed his Notice of New Evidence, (ECF No. 60), thirty-seven days after he filed his Motion for Reconsideration, (ECF No. 53). In deference to Mr. Jones's *pro se* status, the Court will nonetheless consider his Notice of New Evidence, (ECF No. 60), and his Reply which incorporates his Motion to Strike, (ECF Nos. 63, 64). Because the Court will consider Mr. Jones's Notice of New Evidence and his Reply, the Court will also consider DLA's Opposition to Plaintiff's Motion Under Rule 59 and Rule 60, (ECF No. 62), which DLA filed twelve days after Mr. Jones filed his Notice of New Evidence, (ECF No. 60). The Court admonishes both parties, however, that such leeway will not continue.

[3] In his Motion to Strike, Mr. Jones moves "to strike . . . all documents that do not conform to [Federal Rule of Civil Procedure] 26(f)." (ECF No. 64, at 6.) In support of this request, Mr. Jones states that "[t]he Court never contacted either party to set up or administer a case management conference under [Federal Rule of Civil Procedure] 16", nor did the Court "establish any [d]iscovery plan under [Rule] 26(f)." (ECF No. 64, at 5.)

This Court was not required to take either step to dismiss Jones's claims. On September 1, 2023, the Court (1) granted DLA's Motion to Dismiss as to Claims 1, 4, and 5 of the Complaint, (ECF No. 41); and (2) granted DLA's Motion for Summary Judgment as to the

## I. Factual and Procedural Background

### A.   Summary of Allegations

In the Motion for Reconsideration, Mr. Jones repeats certain allegations in his Second

Amended Complaint. (ECF No. 38.) As in the Second Amended Complaint, Mr. Jones asserts

in the Motion for Reconsideration that Brigadier General Linda Hurry's decision to debar him

from the DLA was "arbitrary and capricious" and thus violated his due process rights. (ECF No.

58, at 3, 8, 11; ECF No. 38, at 15–16.) As in the Second Amended Complaint, Mr. Jones states

that his debarment was unlawful because he has never been charged with, or has committed, a

crime of any kind. (ECF No. 58, at 8; ECF No. 38, at 12.) In the Motion for Reconsideration,

Mr. Jones also states that his debarment "must be overturned" because 18 U.S.C. § 1382[4]

---

remaining claims in the Complaint, Claims 2 and 3, (ECF No. 41). (ECF No. 52.) "[A] court
may consider official public records, documents central to plaintiff's claim, and documents
sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for
summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v.
Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing *Alt. Energy, Inc. v. St. Paul Fire
& Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618
(4th Cir. 1999); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

Finally, as discussed in more detail in the Court's September 1, 2023 Memorandum
Opinion, Mr. Jones brings this suit in part as a challenge of DLA's decision to bar him from
entering DLA. "In an [Administrative Procedure Act ("APA")] suit challenging agency action,
review is limited to the administrative record and 'resolution . . . does not require fact finding on
behalf of [the] court." *Hyatt v. U.S. Pat. & Trademark Off.*, 146 F. Supp. 3d 771, 780 (E.D. Va.
2015) (quoting *Nw. Motorcycle Ass'n v. U.S. Dep't Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994)
(alterations in original)). "[I]n an APA agency review case, summary judgment 'serves as the
mechanism for deciding, as a matter of law, whether the agency action is supported by the
administrative record and otherwise consistent with the APA.'" *Id.* (quoting *Sierra Club v.
Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006)).

[4] 18 U.S.C. § 1382 provides:

Whoever, within the jurisdiction of the United States, goes upon any military, naval, or
Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose
prohibited by law or lawful regulation; or

"requires that an individual . . . be charged with and convicted of having violated a statute, law, or regulation." (ECF No. 58, at 8 (emphasis removed).)[5] Additionally, in support of his Motion for Reconsideration, Mr. Jones states that this Court erred in finding that Mr. Jones "must make a FOIA request for the agency's debarment procedures, and [Mr. Jones] failed to do so." (ECF No. 58, at 6.)

---

    Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom *or ordered not to reenter by any officer or person in command or charge thereof—*

    Shall be fined under this title or imprisoned not more than six months, or both.

18 U.S.C. § 1382 (emphasis added).

   [5] Although he did so in his First Amended Complaint, (ECF No. 9, at 14), Mr. Jones did not bring a legal claim or argument under 18 U.S.C. § 1382 in his Second Amended Complaint, (ECF No. 38), which is the operative complaint at bar. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (internal quotation marks omitted). Thus, his attempt to raise a novel legal theory to alter the Court's September 1, 2023 final judgment under Rule 59(e) is improper. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998) (a party is not "permitted to raise new arguments or legal theories of liability on a motion to alter or amend the judgment under Rule 59(e)"). Earlier, Mr. Jones had cited to 18 U.S.C. § 1382 for the proposition that the statute "is not the underlying law or legal authority for [his] debarment" because he has "never committed any crime at, near, or on DSCR, never damaged government property, never harmed anyone—military or civilian—on or off the DSCR, nor [has he] committed any crime off-base by which a military commander would have authority to debar [him]." (ECF No. 1, at 3, 7.)

    In his Second Amended Complaint, Mr. Jones does not cite 18 U.S.C. § 1382, but states that he "neither [was] charged with or committed a crime of any kind which warranted debarment", and later states that "[d]ebarment . . . is reserved for the most egregious of lawbreakers, which [Mr.] Jones is not." (ECF No. 38, at 12, 15.) He cannot raise this claim without having alleged it in the Second Amended Complaint. *See Pac. Ins. Co.*, 148 F.3d at 404. Even if he could, however, his reliance would founder because the language from § 1382 that he quotes omits a controlling part of the statute. He was barred properly under § 1382 because it covers "whoever enters [a facility] . . . after having . . . been ordered not to by any officer or person in command or charge thereof." 18 U.S.C. § 1382.

1.      **Purported New Evidence Supporting Allegations**

On October 25, 2023, Mr. Jones filed a Notice of New Evidence to Support Plaintiff's Request for Reversal of Decision Under Federal Rules of Civil Procedure 59 and 60 (the "Notice of New Evidence"). (ECF No. 60.) In the Notice of New Evidence, Mr. Jones repeats many of the allegations made in his Second Amended Complaint and his Motion for Reconsideration. To the Notice, Mr. Jones attaches Brigadier General Hurry's Declaration Under Penalty of Perjury dated October 16, 2019 (the "Hurry Declaration"). (ECF No. 60-1.) Mr. Jones states that this version of the Hurry Declaration was "not originally presented or argued." (ECF No. 60, at 2.) However, DLA attached this version of the Hurry Declaration as an exhibit, (ECF No. 42-3, at 93–101), to its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for Summary Judgment, ("Motion to Dismiss"), (ECF No. 42).

B.      **Procedural History**

On May 3, 2021, Mr. Jones filed his *pro se* Complaint against DLA in the instant matter. (ECF No. 1.) On June 29, 2021, after this Court granted him leave to amend, Mr. Jones filed an Amended Complaint. (ECF Nos. 8, 9.) In his Amended Complaint, Mr. Jones presented an extended narrative that mentioned events and laws that, because of the discursive presentation, did not tie the facts to the law in a manner that established a discernible set of claims. DLA sought dismissal of the Amended Complaint on two occasions: once as a Motion to Dismiss or, in the alternative, Motion for Summary Judgment, (ECF Nos. 10, 11), and later as a Second Motion to Dismiss, (ECF Nos. 24, 25). Both attempts presented evidentiary issues that prevented this Court from ruling on the merits.

5

On January 3, 2023, the Court ordered Mr. Jones to file a Second Amended Complaint. (ECF No. 37.)  On January 26, 2023, Mr. Jones filed a Second Amended Complaint.  (ECF No. 38.)  DLA moved the Court to dismiss, or in the alternative, enter summary judgment in its favor.  (ECF No. 41.)  Mr. Jones responded in opposition, (ECF No. 43), and DLA replied, (ECF No. 44).  On March 29, 2023, Mr. Jones filed a sur-reply entitled Plaintiff's Response to Defendant's Memorandum in Support of Defendant's Motion to Dismiss (the "Sur-Reply"). (ECF No. 46.)  On April 6, 2023, DLA filed a Motion to Strike the Sur-Reply.  (ECF No. 48.) On September 1, 2023, the Court (1) denied DLA's Motion to Strike the Sur-reply, (ECF No. 48); (2) granted DLA's Motion to Dismiss as to Claims 1, 4, and 5 of the Complaint, (ECF No. 41); and (3) granted DLA's Motion for Summary Judgment as to the remaining claims in the Complaint, Claims 2 and 3, (ECF No. 41).  (ECF No. 52.)

On September 18, 2023, Mr. Jones filed the instant Motion for Reconsideration.  (ECF No. 53.)[6]  On September 28, 2023, Mr. Jones filed a Supporting Memorandum in support of the Motion for Reconsideration.  (ECF No. 58.)  On October 25, 2023, Mr. Jones filed the Notice of New Evidence.  (ECF No. 60.)  Mr. Jones attached the Hurry Declaration to the Notice of New Evidence.  (ECF No. 60-1.)  On November 6, 2023, DLA responded in opposition to the Motion for Reconsideration.  (ECF No. 62.)  On November 20, 2023, Mr. Jones replied.  (ECF No. 63.)

## II.  Standard of Review

Because Mr. Jones proceeds *pro se*, the Court liberally construes his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations

___
[6] As noted earlier, he incongruously filed an appeal that same day.  (ECF No. 54.)

omitted)). "This principle of liberal construction, however, has its limits." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017), *aff'd sub nom. Suggs v. M&T Bank*, 694 F. App'x 180 (4th Cir. 2017). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Ct. of Hampton*, No. 3:14cv372 (HEH), 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

### III. Analysis

Mr. Jones's Motion for Reconsideration fails to justify a reversal of this Court's September 1, 2023 Memorandum Opinion and Final Order. (ECF Nos. 51, 52.) First, the Motion fails under Federal Rule of Civil Procedure 59(e) because Mr. Jones presents no change in controlling law, no new evidence, and no error of law or manifest injustice committed by the Court. Second, the Motion fails under Rule 60(b) because it does not demonstrate the threshold meritorious claim or the exceptional circumstances required under this Rule. Finally, the Motion fails under Rule 60(d)(3) because it provides no valid evidence of fraud perpetrated on this Court by DLA or its attorneys. Accordingly, the Court will deny Mr. Jones's Motion for Reconsideration in full. (ECF No. 53.)

#### A. Mr. Jones's Claims Do Not Require an Extraordinary Remedy As Provided for in Rule 59(e)

Because Mr. Jones bases his Motion solely on disagreement with the Court's prior decisions, and because he attempts to relitigate old claims without presenting new evidence, he fails to demonstrate a need for the extraordinary remedy that Federal Rule of Civil Procedure 59(e) provides.

7

### 1.   Standard of Review:  Rule 59(e)

Federal Rule of Civil Procedure 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). In short, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion[.]" *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order). "[T]he purpose of [a] Rule 59(e) motion is to allow a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Smith*, 917 F. Supp. 2d at 572 (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.

8

1993) (citing *Weyerhauser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Given Mr. Jones's *pro se* status, the Court considers whether the Motion addresses a change in controlling law, the emergence of new evidence, or the prevention of manifest injustice—the three grounds for relief under Rule 59(e). *See id.* (citations omitted); *Bracey*, 55 F. Supp. 2d at 421.

> **2.    The Court Must Deny the Motion for Reconsideration Because it Relitigates Old Claims and Fails to Satisfy Any of the Three Requirements under Rule 59(e)**

Of overriding concern to the Court, it is clear that the entirety of Mr. Jones's Motion simply relitigates old claims. But even turning to the Rules he possibly invokes, Mr. Jones wholly misses the mark of stating any basis for relief.

> **a.    There Has Been No Intervening Change in Controlling Law**

As to Rule 59(e), Mr. Jones falters on the first ground for relief because he does not identify "an intervening change in controlling law" since this Court's decision on September 1, 2023. *See Hutchinson*, 994 F.2d at 1081 (citations omitted). First, Mr. Jones relitigates his arguments that Brigadier General Hurry "arbitrarily and capriciously debarred" him and that DLA "did not have and does not have due-process debarment procedures in violation of 5 DoDI 5200.08, [18 U.S.C §] 552, and 18 [U.S.C. §] 1382." (ECF No. 53, at 3.) Second, as his argument that DLA violated provisions of 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"), Mr. Jones's claims mirror his prior ones and must falter. He again suggests that DLA violated FOIA by failing to publish its debarment procedures, (ECF No. 58, at 6; ECF No. 38, at 12), and that the Court erred in dismissing his FOIA claim on the basis that Mr. Jones "must

make a FOIA request for the agency's debarment procedures, and [Mr. Jones] failed to do so." (ECF No. 58, at 6.)[7]

Those arguments, including those made under § 1382, do not address the *controlling law* thoroughly explained in the Court's September 1, 2023 Memorandum Opinion. (ECF No. 51.) The Court again identifies three reasons why Mr. Jones cannot prevail. First, 5 U.S.C. § 702 allows the Court to set aside "'agency action, findings, and conclusions' . . . only when they are 'found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009) (quoting 5 U.S.C. § 706(2)(A)). Second, in *Cafeteria Workers*, the Supreme Court reaffirmed "the historically unquestioned power of a commanding officer summarily to exclude civilians from the area of his [or her] command" for reasons that are not "patently arbitrary or discriminatory". *Cafeteria & Rest. Workers Union, Local 473 v. McElroy ("Cafeteria Workers")*, 367 U.S. 886, 893, 897–98 (1961). Lastly, FOIA confers jurisdiction on the district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld[.]" 5 U.S.C. § 552(a)(4)(B). To establish this jurisdiction, there must be "a showing that an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (internal quotation marks omitted).

Mr. Jones's contentions flatlined in his first filing and they cannot prevail here. As explained in depth in the Court's September 1, 2023 Memorandum Opinion: (1) DLA's

---

[7] As noted earlier, Mr. Jones also improperly raises a new legal argument under 18 U.S.C. § 1382 that his debarment was unlawful because "[d]ebarment and warning under 18 [U.S.C. §] 1382 can only occur if a person has violated and been found guilty of violating a statute, law, or regulation." (ECF No. 58, at 3 (emphasis removed).); *see Pacific Ins. Co.*, 148 F.3d at 404.

debarment of Mr. Jones was not arbitrary or capricious because it followed DLA protocol, which does not require that debarment be based upon a formal criminal charge or conviction; and (2) the Court does not have jurisdiction over Mr. Jones's FOIA claim because no record exists that DLA received a FOIA request from Mr. Jones for the debarment procedures. (ECF No. 51, at 31–42.) More importantly, Mr. Jones does not—and cannot—identify any intervening change of law that this Court must accommodate. The relevant *controlling law* has not changed in the time since the Court's September 1, 2023 Memorandum Opinion and Order issued. Therefore, the Motion fails under the first ground of relief under Rule 59(e)—"an intervening change in controlling law." *See Hutchinson*, 994 F.2d at 1081.

### b.  Mr. Jones Does Not Present New Evidence Previously Unavailable to Him

Mr. Jones also fails to raise any cognizable claim under the second avenue of recourse Rule 59(e) provides: new evidence previously unavailable to him. Although Mr. Jones filed a Notice of New Evidence, (ECF No. 60), as discussed *supra*, DLA attached this version of the Hurry Declaration as an exhibit, (ECF No. 42-3, at 93–101), to its Motion to Dismiss and cited to this exhibit in its argument. (ECF No. 42, at 24, 29–30.) Moreover, the information contained in the Hurry Declaration[8] is duplicative of information already in Mr. Jones's Second Amended Complaint, elsewhere in the Administrative Record, and discussed in the Court's September 1,

---

[8] In the Hurry Declaration, Brigadier General Hurry provides two reasons for her November 28, 2018 decision to ban Mr. Jones from the DLA. (ECF No. 60-1, at 3–4.) Specifically, Brigadier General Hurry states: (1) Mr. Jones had resigned on November 17, 2018, and thus "was no longer employed by DLA . . . and therefore had no need to have access to the installation", and (2) Brigadier General Hurry "received a Threat Assessment . . . documenting the fact that Mr[.] Jones 'poses a MODERATE RISK of engaging in workplace violence or some other activity/behavior that is contrary to good order and discipline at DSCR.'" (ECF No. 60-1, at 3–4 (quoting the November 26, 2018 Threat Assessment available in the Administrative Record at 953–61).

2023 Memorandum Opinion dismissing Mr. Jones's case (the "Memorandum Opinion"). (ECF No. 51, at 6, 11–12 (citing AR 636, 888, 953–61); ECF No. 38, at 12, 22.)  Mr. Jones essentially concedes this by writing in the Notice of New Evidence that in the Hurry Declaration, Brigadier General "Hurry corroborate[s] many of the undisputed facts." (ECF No. 60, at 11.)  For this reason, the Motion for Reconsideration also falters under the second ground for relief under Rule 59(e) because Mr. Jones offers no plausible "new evidence" in support of his Motion for Reconsideration. *See Hutchinson*, 994 F.2d at 1081.

        **c.**        **Mr. Jones Does Not Identify a Clear Error of Law or Manifest Injustice**

      Finally, Mr. Jones fails to demonstrate the third ground for relief under Rule 59(e), to "correct a clear error of law or prevent manifest injustice." *See id.*  Because this ground for relief contains two reasons to grant a motion—clear error or manifest injustice—the Court will address them separately.

      First, Mr. Jones maintains that the Court erred in denying him relief.  Specifically, he wrongly claims that the Court "presumed incorrectly that . . . [Brigadier General] Hurry[] followed proper due-process procedures on" November 29, 2018. (ECF No. 62, at 9 (emphasis removed).)  For the reasons discussed above, the Court finds no error in its September 1, 2023 holding that DLA's debarment of Mr. Jones was not arbitrary or capricious. (ECF No. 51.)  Mr. Jones also unsuccessfully contends that because the Court struck two of Defendant's motions to dismiss, there "is sufficient evidence that a genuine dispute of facts is present." (ECF No. 58, at 12.)  As discussed in the Court's September 1, 2023 Memorandum Opinion, the Court dismissed Count 1 of the Second Amended Complaint because it is barred by sovereign immunity, Counts 4 and 5 because Mr. Jones failed to plead plausible claims, and Count 2 (an

12

Administrative Procedure Act ("APA") claim)[9] and Count 3 because "even drawing all inferences in favor of Mr. Jones, the Court conclude[d] that Mr. Jones's arguments cannot prevail." (ECF No. 51, at 27.)

Second, the Motion for Reconsideration also does not show a need to "prevent manifest injustice." *See Hutchinson* 994 F.2d at 1081. Mr. Jones's current filings do not establish—anywhere—that this Court has erred in its ruling on the law.

The above observations make crystal clear that the Motion for Reconsideration also does not show a need for the Court to reconsider its prior September 1, 2023 Memorandum Opinion and Final Order, (ECF Nos. 51, 52), "to prevent manifest injustice." *See Hutchinson*, 994 F.2d at 1081. Mr. Jones does not establish any basis for reconsideration under this third possible ground for relief.

To properly plead a Rule 59(e) motion, Mr. Jones must state "more than an expression of a view of the law contrary to that set forth in the Court's opinion." *See Durkin*, 444 F. Supp. at 889. He does not. Because the Motion for Reconsideration cannot meet any of the three grounds for relief under Rule 59(e), modification of the Court's September 1, 2023 Opinion would be an "extraordinary remedy" unwarranted in this case. *See Pac. Ins. Co.*, 148 F.3d at 403. The Motion for Reconsideration will be denied to the extent it is brought under Rule 59(e).

---

[9] In an APA suit challenging agency action, "'the ordinary summary judgment standard under Rule 56(c) [of the Federal Rules of Civil Procedure] does not apply. In other words, the presence or absence of a genuine dispute of material fact is not in issue, as the facts are all set forth in the administrative record.'" (ECF No. 51, at 2 n.4 (quoting *Hyatt v. U.S. Pat. & Trademark Off.*, 149 F. Supp. 3d 771, 780 (E.D. Va. 2015).)

**B.      Mr. Jones's Motion for Reconsideration Does Not Demonstrate the Threshold Meritorious Claim or the Exceptional Circumstances Required to Reverse This Court's Decision Under Rule 60(b)**

Mr. Jones's reassertion of claims this Court has already reviewed when assessing his Complaint, First Amended Complaint, Second Amended Complaint, and Motion for Reconsideration under Rule 59(e) does not constitute a meritorious claim. Nor do these allegations exhibit exceptional circumstances. Because both are required to merit relief under Federal Rule of Civil Procedure 60(b), the Court denies the Motion under this Rule as well.

**1.      Standard of Review: Rule 60(b)**

Federal Rule of Civil Procedure 60(b) allows a court to:

relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or[,]

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Providing relief under Rule 60(b) constitutes "an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to

14

the opposing party[.]" *Coleman v. Jabe*, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)) (stating that even a "postjudgment change in decisional law . . . rarely provide[s] sufficiently extraordinary circumstances to justify relief under Rule 60(b)(6)" (citations omitted)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 933 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Only after a showing of these "exceptional circumstances" may a Court find relief under one of the six factors of Rule 60(b).[10] *Mayfield*, 674 F.3d at 378.

### 2. Mr. Jones's Amended Complaint Does Not Meet the Threshold Requirements Under Rule 60(b), So It Fails to Justify a Reversal of This Court's Decision

Even presuming Mr. Jones brings his motion under Rule 60, he would fail under the only two provisions that could apply. Under the catch-all provision in Rule 60(b)(6), Mr. Jones articulates no "meritorious claim or defense", nor any "exceptional circumstances" required for relief under that Rule. *See Coleman*, 633 F. App'x at 120 (quoting *Aikens*, 652 F.3d at 501); *Dowell*, 933 F.2d at 48 (quoting *Werner*, 731 F.2d at 207). The Court explains its findings below.

First, Mr. Jones, as in his three complaints, does not state a "meritorious claim or defense" in the instant Motion for Reconsideration. *See Coleman*, 633 F. App'x at 120. In its September 1, 2023 Memorandum Opinion, the Court readily concluded that none of Mr. Jones's claims could prevail. (ECF No. 51, at 27.) In this Motion's rehashing, Mr. Jones once again does not plausibly tie factual allegations to a specific law violated. He adds no material or

---

[10] Because Mr. Jones does not meet the threshold requirements of Rule 60(b), the Court does not need to reach the factors of the Rule.

15

cognizable arguments unaddressed before.  He also restates unnecessary factual allegations previously addressed in the Second Amended Complaint.  For the same reasons he did not demonstrate a meritorious claim in his Complaint, First Amended Complaint, and Second Amended Complaint, Mr. Jones does not present any meritorious claim in his Motion for Reconsideration.

Second, Mr. Jones does not show "exceptional circumstances" as required by Rule 60(b). *See Dowell*, 933 F.2d at 48 (quoting *Werner*, 731 F.2d at 207.)  Simply reasserting old claims, without valid legal arguments to support these claims, does not rise to the level of demonstrating the "exceptional circumstances" required by Rule 60(b)(6).  *Id.*  Because the Motion for Reconsideration fails to meet the threshold requirements of Rule 60(b), it also falters under that Rule.  The Court now turns to Rule 60(d)(3).

### C.    Mr. Jones's Motion Provides No Valid Evidence of Fraud Perpetrated on This Court by DLA or its Attorneys as Required by Rule 60(d)(3)

Mr. Jones's Motion for Reconsideration also founders under Rule 60(d)(3), the only other conceivable (though essentially implausible) avenue for redress that would allow the Court to reconsider its prior decision.

### 1.    Standard of Review:  Rule 60(d)(3)

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d)(3).  Fraud on the court requires that a litigant show more than "ordinary fraud" by the opposing party.  *Fox ex rel. Fox v. Elk Run Coal Co., Inc.*, 739 F.3d 131, 135 (4th Cir. 2014) (quotations and internal citations omitted). The litigant must demonstrate that the fraud "not only . . . involve[s] an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not."  *Id.*  Examples include "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which

16

the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express Inc. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, U675 F.2d 1349, 1356 (4th Cir. 1982).

> **2.    Because Mr. Jones Does Not Establish the Influence of Fraudulent Behavior on the Court, No Basis for Reversing this Court's Decision Exists Under Rule 60(d)(3)**

Given the Court's obligation to liberally construe a *pro se* plaintiff's pleadings, and because Mr. Jones does not specify which subsection of Rule 60 applies to his Motion for Reconsideration, the Court evaluates whether Mr. Jones's motion addresses fraud on the court as required for relief under Rule 60(d)(3), which is the only other procedural avenue Mr. Jones could use to properly bring his Motion for Reconsideration. *See Fox ex rel. Fox*, 739 F.3d at 135. The Motion for Reconsideration does not provide grounds for reversing this Court's decision on the basis of fraud on the court.

Mr. Jones does not demonstrate that "the integrity of the court and its ability to function impartially is directly impinged" by the actions of DLA. *See Great Coastal Express, Inc.*, 675 F.2d at 1356. Mr. Jones's claims contain multiple bald assertions of fact and legal conclusions which are wide-ranging and cover multiple events. Mr. Jones's primary, repeated concern is that Brigadier General Hurry's decision to debar him from DLA was "arbitrary and capricious" and thus violated his due process rights. (ECF No. 58, at 3, 11; ECF No. 38, at 15–16.) He does not allege fraud. Nowhere in the Motion for Reconsideration does Mr. Jones advance any factual assertion that suggests any undue influence DLA may have had over this Court and its rulings. Rule 60(d)(3) requires a demonstration of fraud involving the judgment in question, or the judgment Mr. Jones is asking the Court to reverse. *See* Fed. R. Civ. P. 60(d)(3). In sum, Mr. Jones does not demonstrate any fraudulent activity related to this Court or its September 1, 2023

17

Memorandum Opinion and Final Order.  (ECF Nos. 51, 52.)  Without any, much less any clear, basis for claiming direct fraud on this Court, Mr. Jones fails to meet the requirements for relief under Rule 60(d)(3).

### VI.  Conclusion

For the foregoing reasons, the Court will deny Mr. Jones's Motion for Reconsideration. (ECF No. 53.)  The Court will also deny Mr. Jones's Motion to Strike.  (ECF No. 64.)  In doing so, the Court did not consider any new evidence because none of Mr. Jones's purported "new evidence" was, in fact, new.

An appropriate Order shall issue.

Date: 2/20/24
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge